# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOSHUA D. ROSS,  Case No. 1:17cv636

    Plaintiff,  Judge Michael R. Barrett

v.

PENNYMAC CORP.,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. 11). Plaintiff has filed a response (Doc. 13) and Defendant has filed a reply (Doc. 15). This matter is now ripe for disposition.

### I.    FACTS

On November 12, 2014, Plaintiff entered into a Contract to Purchase (hereinafter referred to as the "Contract") a home (hereinafter referred to as the "Property"). (Doc. 4, PageID 27 at ¶ 4). Plaintiff purchased the property from Defendant, PennyMac, with the understanding that Defendant had "acquired the property by foreclosure, deed-in-lieu of foreclosure, forfeiture, tax sale, or similar process and consequently, [Defendant] has little or no direct knowledge concerning the condition of the property." (Doc. 7-1, PageID 65). As such, Plaintiff agreed to purchase the Property in "as is" condition. (Id.)

Before entering into the Contract, Plaintiff "performed a comprehensive property inspection that revealed multiple issues with the Property, all of which Plaintiff was aware in negotiating the bargained-for price to be paid for the Property." (Doc. 4, PageID 28 at ¶ 5).

1

Indeed, Plaintiff agreed that he was purchasing the Property in reliance upon his own inspection, and not based upon any information provided by Defendant. (Doc. 7-1, PageID 66). Plaintiff also acknowledged that mold could be present in or around the Property, and accepted full responsibility for all hazards that resulted from the presence of mold. (Id.)

Nevertheless, Plaintiff alleges the Property was constructed in a manner to conceal mold, a fact which Plaintiff alleges was known to Defendant. He brings the following claims: 1) fraud; 2) breach of contract; 3) negligence; 4) claim pursuant to Ohio Revised Code § 5302.30; and 5) punitive damages. Defendant moves for judgment on the pleadings, asserting it is entitled to judgment on all of Plaintiff's claims.

## II.   STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed using the same standards applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) (citing *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)). "[T]o survive a motion to dismiss[,] a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.  ANALYSIS

#### 1. Fraud

Plaintiff brings a claim for "fraud in the inducement and/or the tort of constructive fraud." (Doc. 4, PageID 28 at ¶ 12). Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The rule requires a plaintiff to: 1) specify the allegedly fraudulent statements; 2) identify the speaker; 3) plead when and where the statements were made; and 4) explain what made the statements fraudulent. *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012) (citing *Ind. State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.,* 583 F.3d 935, 942–43 (6th Cir.2009)). The pleading requirement for fraud claims is heightened because such claims present "a high risk of abusive litigation." *Republic Bank*, 683 F.3d at 247 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n. 14 (2007)).

Plaintiff alleges the following in his Complaint related to his fraud claim:

3

6.   Unknown to Plaintiff was that the Property was constructed in a manner to specifically conceal mold damage that was known to Defendants.

* * *

9.   Defendant knowingly and falsely represented and/or specifically withheld information regarding damage that they knew of, and knew to be undiscoverable upon reasonable inspection.

10.   Defendant had knowledge that such representations and/or concealments were false and were made with the intent to induce Plaintiff to purchase the Property for the price at which was agreed for the Property.

11.   Plaintiff reasonably and justifiably relied on Defendant's representations that the Property was constituted upon reasonable inspection.

(Doc. 4, PageID 28 at ¶¶ 9-11).

Plaintiff's allegations do not satisfy the heightened pleading standard. Plaintiff does not identify who made the allegedly fraudulent statements nor does he allege when or where the statements were made. Moreover, the alleged instances of fraud, as well as the circumstances constituting the alleged fraud, are not plead with particularity. Accordingly, even when construing the Complaint in the light most favorable to Plaintiff, Plaintiff fails to state a claim for fraud.

**2. Breach of Contract/Ohio Revised Code § 5302.30**

To establish a breach of contract claim under Ohio law, Plaintiff must show that: 1) a contract existed; 2) one party fulfilled its obligations; 3) the other party failed to fulfill its obligations; and 4) damages resulted from that failure. *Quest Workforce Solutions, LLC v. Job1USA, Inc.*, 75 N.E.3d 1020, 1030 (Ohio Ct. App. 6 Dist. 2016) (internal citations omitted).

In Count Two, Plaintiff alleges in conclusory fashion that "Defendant breached the contract to purchase between Defendant and Plaintiff, Joshua Ross." (Doc. 4, PageID 29 at ¶ 15). Plaintiff does not specify *how* Defendant breached the Contract or what portion of the

Contract Defendant allegedly breached.

However, Plaintiff also brings a claim under Ohio Revised Code § 5302.30. As best the Court can tell, Plaintiff appears to argue Defendant breached the Contract by failing to comply with Ohio's real property disclosure statute – Ohio Revised Code § 5302.30. The Court therefore addresses these two claims together.

In Count Four, Plaintiff alleges "Defendant failed to disclose material matters relating to the physical condition of the property, including, but not limited to, the condition of the structure of the property and the presence of hazardous materials and/or substances, in violation of R.C. 5302 *et seq.*" (Id. at ¶ 23).

Ohio's property disclosure form is generally required for real property transfers. *See* Ohio Rev. Code § 5302.30. The statute, however, carves out certain exceptions. Ohio Revised Code § 5302.30(B) states in relevant part:

> (2) This section does not apply to any transfer of residential real property that is any of the following:
>
> > (f) A transfer by a mortgagee, or a beneficiary under a deed of trust, who has acquired the residential real property at a sale conducted pursuant to a power of sale under a mortgage or a deed of trust or who has acquired the residential real property by a deed in lieu of foreclosure…

Ohio Rev. Code § 5302.30(B)(2)(f). It is undisputed that Defendant acquired the property by foreclosure. (Doc. 7-1, PageID 65). Accordingly, Defendant was not required to complete a property disclosure form, and Plaintiff's breach of contract claim and claim under Ohio Revised Code § 5302.30 fail as a matter of law.

3. **Negligence**

To state a claim for negligence, Plaintiff must establish: 1) the existence of a duty owed by the defendant to the plaintiff; 2) a breach of that duty; 3) causation; and 4) damages.

5

*Stefansky v. Cantina Laredo Columbus/Nashville, L.P.*, 72 N.E.3d 97, 103 (Ohio App. 10th Dist. 2016).

Plaintiff generally alleges Defendant owed a duty of care to him; that Defendant breached that duty of care by withholding knowledge of defects of the Property; and that because of Defendant's negligence, Plaintiff suffered damages. (Doc. 4, PageID 29 at ¶¶ 18-20).

Defendant argues the economic loss rule bars Plaintiff's negligence claim because the Contract controls in this matter; the Court agrees. "The economic loss doctrine prevents a party from recovering economic losses in a tort that results from 'a breach of duties assumed only by agreement.'" *Onyx Envir. Servs., LLC v. Maison*, 407 F.Supp.2d 874, 879 (N.D. Ohio 2005) (quoting *Corporex Dev. & Constr. Mgmt., Inc. v. Shook, Inc.,* 106 Ohio St.3d 412, 414, 835 N.E.2d 701 (2005)). Therefore, "[a] tort claim based upon the same actions as those upon which a claim for a contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *ITS Fin., LLC v. Advent Fin. Servs., LLC*, 823 F. Supp. 2d 772, 780 (S.D. Ohio 2011) (quoting *Thornton v. Cangialosi,* No. 2:09cv585, 2010 WL 2162905, at *2, 2010 U.S. Dist. LEXIS 51818, at *2 (S.D.Ohio 2010)).

Plaintiff's negligence claim, like his breach of contract claim, is premised upon Defendant withholding information about mold damage. Presence of mold and mold damage, as well as the parties' duties to each other with respect to disclosure of such information are addressed in the Contract. In other words, Plaintiff's negligence claim seeks economic damages for duties (or lack thereof) negotiated by the parties and memorialized in the Contract.

Plaintiff counters that when an intentional tort is committed independently, but in connection with a breach of contract, the claim is not barred by the economic loss rule. (Doc. 13,

PageID 114) (citing *Burns v. Prudential Securities, Inc.*, 167 Ohio App.3d 809, 2006-Ohio-3350 (Ohio App. 3d Dist. 2006)). While this is true, Plaintiff's negligence claim is not an intentional tort. Plaintiff's argument is unpersuasive.

Because Plaintiff's negligence claim relies on the same facts as his breach of contract claim, Plaintiff cannot bring a separate claim for negligence. Plaintiff's negligence claim is barred by the economic loss rule.

### 4. Punitive Damages

A claim for punitive damages is not an independent claim in Ohio; rather, it is a remedy. *See Shoup v. Doyle*, 974 F.Supp.2d 1058, 1087 (S.D. Ohio 2013). Because the Court has concluded that Plaintiff's claims fail as a matter of law, Plaintiff cannot recover the remedy he seeks. This claim is also dismissed.

### IV. CONCLUSION

Consistent with the foregoing, Defendant's Motion for Judgment on the Pleadings (Doc. 11) is **GRANTED**. The Clerk shall enter judgment accordingly. This matter shall be **TERMINATED** from the Court's docket.

**IT IS SO ORDERED**.

                                         *s/Michael R. Barrett*
                                         Michael R. Barrett, Judge
                                         United States District Court